**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bari E. Clapick; Kuma & Cash, LLC, <br><br>           Plaintiffs, <br><br> vs. <br><br> First National Bank of Arizona; Bank of New York Mellon; Bank of America N.A.; Mortgage Electronic Registration Systems Incorporated; ReconTrust Company N.A.; John Does, <br><br>           Defendants. | No. CV 12-00666-PHX-FJM <br><br> **ORDER** |

We have before us plaintiffs' motion to remand (doc. 10), plaintiff's notice of errata (doc. 15), defendants' response (doc. 16), and plaintiffs' reply (doc. 18). Plaintiffs filed this action in the Superior Court of Arizona in Maricopa County on February 21, 2012. Their amended special action complaint asserts claims for violation of A.R.S. § 33-420, violation of the Arizona Consumer Fraud Act, and quiet title. Defendants The Bank of New York Mellon Corporation, Bank of America, N.A., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc. removed on the basis of diversity on March 28, 2012.

Plaintiff Clapick purchased a house in Scottsdale, Arizona in August 2004. She financed the purchase with a loan for $520,800 from the First National Bank of Arizona ("FNBA"). FNBA was one of three banks owned by First National Bank Holding Company. FNBA was merged into a sister bank, First National Bank of Nevada ("FNBN"), on June 30,

1    2008. FNBN was soon closed and its assets sold to Mutual of Omaha Bank ("MOB"), a
2    federal savings association.
3        "[R]emoval statutes are strictly construed against removal." Libhart v. Santa Monica
4    Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if
5    there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980
6    F.2d 564, 566 (9th Cir. 1992). When a case has been removed to federal court under 28
7    U.S.C. § 1441 on the basis of diversity, "the proponent of federal jurisdiction – typically the
8    defendant in the substantive dispute – has the burden to prove, by a preponderance of the
9    evidence, that removal is proper." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.
10   Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010). Defendants purport to base jurisdiction on
11   diversity of citizenship.
12       Plaintiffs claim that an unserved defendant, FNBA, destroys diversity because it was
13   an Arizona citizen and its successor MOB is a national citizen. Defendants contend that
14   FNBN was a citizen of Nevada and, because it acquired FNBA before being closed and
15   placed into a receivership, the last state of citizenship of FNBA was Nevada. Defendants fail
16   to discuss the effect of MOB's acquisition of FNBN's assets. MOB, a federally chartered
17   savings association, was the successor to FNBA before plaintiffs filed their complaint and
18   apparently continues to be FNBA's successor. "In determining whether a Federal court has
19   diversity jurisdiction over a case in which a Federal savings association is a party, the Federal
20   savings association shall be considered to be a citizen only of the State in which such savings
21   association has its home office." 12 U.S.C. § 1461(x). Defendants have made no allegations
22   regarding the state of MOB's citizenship in general or home office under this statute.
23       In addition, one of the plaintiffs is a limited liability company ("LLC"). An LLC "is
24   a citizen of every state of which its owners/members are citizens." Johnson v. Columbia
25   Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). The parties fail to discuss the
26   citizenship of the members of plaintiff Kuma & Cash, LLC. Defendants have not overcome
27   the "strong presumption" against federal jurisdiction and have not met their burden of
28   proving that removal was proper.

1     **IT IS ORDERED GRANTING** plaintiff's motion to remand and remanding this action to the Superior Court of Arizona in Maricopa County for lack of federal subject matter jurisdiction. (Doc. 10).

    DATED this 20th day of June, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge